This case concerns four disputed supervised release conditions. The first of those prohibits Mr. Betts from using any alcohol during the three-year period he'll be on supervision. Let me ask you something about that one. Yes. It looked like it didn't, like the judge wasn't even talking about Betts when he imposed that. He was mad at the public defender's office because they were telling all their clients, don't talk to the probation officer about drugs or alcohol. So he said, as long as you do that, I'm putting the burden on the defendants to show they don't need a drug and alcohol condition like that. Do I remember this right? Yes, I agree. I think throughout the judge's comments, he treats the condition as a punishment, both generally and in response. Now, I have two questions about it. First of all, what citation is best for saying the judge can't sentence on the basis of bureaucratic concerns like that? He has to sentence on the basis of whether the individual needs the condition. And the second question I have is what case says what the burden of proof is for a restriction to no alcohol or something similar? Okay. With regard to the first question, I would say the best case, because it's directly on point, is the Sixth Circuit case in U.S. v. Modena, which addressed exactly the same situation. The defendant didn't talk to the pre-sentence report, and there otherwise was no information about his drug or alcohol history. And the district court nevertheless imposed no alcohol condition. And what did the Sixth Circuit say? The Sixth Circuit said that silence is not enough to give the district court carte blanche to impose any circumstance any condition that he wants. I guess that implies an answer to my second question about burden of proof. But if you have another site you want to point out on that. Well, this Court in Weber talked about the burden of proof for showing that supervised release conditions are reasonably necessary to serve the purposes of supervised release. That burden goes to the government. There's actually nothing in that case that talks about what the burden is, but I believe from looking from other cases that the burden is a preponderance of the evidence. With this guy, it looked pretty clear that he's a crook, but I didn't see any evidence at all that he had an alcohol problem. Is that true? That's absolutely true, Your Honor. Okay. That takes care of my questions on that. And I'd note, too, that based on my own experience, and I'm sure the Court's experience may be similar, where in cases where there is a true drug problem, that's in the record and it's in the record clearly. I don't think you're appealing the drug condition, are you? I mean, the drug condition says you can't use illegal drugs. No, I'm not. Well, your guy isn't saying I want to use illegal drugs. No, I'm not. And it says you can't abuse prescription drugs. He's not saying I want to abuse prescription drugs. That's correct. So what do we care about, the drug? Well, the point that I was trying to make was that the concern of the Court and the concern of the government, that it's really important that we get him to talk about this, otherwise the system breaks down, just isn't real. Because in the cases where there's really a drug problem, it's all over the place in the pre-sentence report. It's in the current offenses and the prior offenses. It's in family relationships, job relationships. So there's plenty of evidence in real cases to get that without having the defendant speak. Even if that were not so, is the law on your side on that in terms of burden of proof? Yes, Your Honor. Oh, I do have one third question. Restitution, what's the best site for saying that the judge can't delegate as much as he did in this case on restitution? U.S. v. Gunning, this Court's decision in that case. In that case, the Court dealt with another subsection of 3664. I'm not really sure which one it was, but it was the subsection that talks about the initial setting of the restitution payment schedule. And the Court found that that is a responsibility that is put firmly in front of the district court judge and that that responsibility cannot be delegated to a probation officer, a Bureau of Prisons unit, or anybody else. Am I right in understanding that although we have good Sixth Circuit precedent and we have Ninth Circuit precedent that implies it, we do not yet have Ninth Circuit precedent that says you can't impose a no alcohol condition on somebody where there's no suggestion or evidence of an alcohol problem? That's correct. We have no case law on point yet. There are the cases where there are. I'd be satisfied with the condition if I saw one or two drunk driving convictions or any number of other things that would suggest an alcohol problem. Right. And the point I was trying to make before is that usually you do see something there if there's a real problem that needs to be taken care of. As I point out, the Ninth Circuit has addressed these conditions, but in those conditions there were obvious matters in the defendant's history which justified the condition. So far the Sixth and the Eighth Circuits are the only ones to have addressed cases where there was not evidence of that, and they very easily and quickly struck down the conditions. Counsel, I have a question. On the windfall issue, if one views the order as made by Judge Kleinfeld, then you have this question of delegation, and it may be that the district court has to set the restitution, can't delegate it. But, I mean, can you read the district court's order to effect that in substance the district court was saying, your restitution is $50 per month, but if you get a windfall, that's also got to go into restitution. And to implement that, I'm saying that the probation officer can clear that up. In other words, do we view the windfall issue as one that the district court was delegating to the probation officer, or did the district court basically decide that any windfall, like if you inherited half a million dollars, you've got to tender it over into your restitution. As I understand it, there was a lot of damage from this scheme and the fraud, and the restitution order is a million dollars or close to that. And meanwhile, the appellant is paying a few dollars a month, sort of a nominal figure. If the appellant did get a big windfall, won the lottery, does it make sense to say that he just has to give notice to the court, and the court then has to act, or can the court be viewed as already having acted on that? I think that the proper procedure is for the court to be notified about the change in economic circumstances and then for the court to take action. I disagree with you, Your Honor, that the condition can be interpreted in the way that you suggest, which is the court First of all, I wasn't saying it could be. I'm asking you if it could be. Then I don't think it can, because I think that there are two problems with it. One, the language itself basically leaves it to the probation officer to decide, you know, whether he's going to have to pay and how much he's going to have to pay towards restitution. It's not just he will have to pay whatever he gets. But the bigger problem is, and this again goes to the problem with not following the procedure set forth in Section 3664K, when a court is notified of a defendant's change in economic circumstances, which result in his ability to pay more restitution, the answer isn't simply he must give that all over to the restitution judgment. The district court has to consider the interests of justice and decide whether those support either modifying the restitution payment schedule or making a order that he or completely pay the restitution judgment. Counsel, there's a gap there that troubles me, and maybe you can allay my concern. The judge doesn't know when the defendant has inherited some money or won at bingo or whatever. It usually takes the probation officer who's closer to the situation finding out, and then he files something with the clerk's office, a petition, in order to get the judge to do something about it. And basically it's likely to be a six-week process, at least that's how I remember it from district court, before the district judge actually sits on the bench and has the defendant there and makes a decision. I would think that most criminals who got a windfall would have long since spent it, and it wouldn't be available for restitution anymore. What do you do to lock up the money? Well, two things. One, I would suggest that's limited to a hypo, because I don't think Mr. Betz is that kind of person, as we can see in the record. Come on, would I rather give this $3,000 that I fortunately just got to a bunch of people that I ripped off, or would I rather take my wife on a nice vacation? I think most people's preferences would not be that hard to guess. Very well, Your Honor, but let me address your question. I don't think that there's any problem with following the procedures that are laid out in statute and in the guidelines and in the standard conditions. Standard conditions require Mr. Betz, as soon as he is aware of any material change of his financial position that affects his ability to pay restitution, he must go to the probation officer. He must go to the court. He must go to the government to disclose that information. He has to tell the probation officer about it, but the probation officer can't do anything about it by himself, can he? No, he can't. But I do think, while I've never seen a case where this exactly came up, I do think that there are enough quivers in the legal arsenal that the probation officer, an active probation officer could take steps to get some sort of injunction order. What hours does he have in his quiver so that the money doesn't all go to some dinner with the stars at an expensive Hollywood restaurant or something instead of the crime victims? I think that the court, the, once the probation officer knows of the circumstances or if the court's notified directly, which is another provision under the statute, they can take steps to act very quickly. They don't have to. What steps? What do you do? They could, you know, issue an order, a probation form 12 order or some other order that requires Mr. Best to come in on, you know, the next day or the day after, and that presumably there'd be nothing stopping the judge from also issuing it. There'd be enough time for me to spend a few thousand dollars. Right. But the problem is, and this is, Your Honor's kind of pointing out the justifications the district court and the government made for this. It would be a lot easier for me to go with you if I could be confident that the money would be there until the judge decided where it would go. I think, though, the same problem exists, regardless of whether you follow the proper procedures or if you ignore them and allow the delegation of the probation officer, because these gaps are going to exist no matter when they, how it happens. And presumably, unless Mr. Best is going to be the honest one who goes and notifies the court about this change of circumstances, it's unlikely the others will find out. We would presume that the defendant is the one who goes in and say, I have this obligation. You're telling me it makes no difference because they'll cheat either way. No, I'm not saying that. I'm saying that if the rules are followed, there's no purpose that's served by the challenge condition that isn't served just as well by the standard condition in following 3664K. I can't promise you it will work out perfectly, but I don't think adding that condition helps. I guess I understand the argument. That's very helpful. Thanks. I understand what you said. Counsel, on that issue of the windfall, could the court, as a condition of supervised release, say that disposition of any windfall has to be frozen until the court acts? Having not thought about it, I can't say exactly, but I would guess there would be no objection to that, presumably if it was worded right to define what such a windfall condition exactly was. For example, the condition reads now that any tax refund is considered a windfall, even if it's like $200. But I think there is something like that that could be imposed that might offer the kind of protection that Judge Kleinfeld was worried about. Thank you, Counsel. Thank you. Counsel? Good morning, Your Honors. May it please the Court, I'm Doug McCormick for the United States. Marcus Betz carried bogus and fraudulent dispute letters from his home into his employer's facility in order to undertake his role. Counsel, I don't understand how a judge can tell a defendant you can't have a drink of alcohol as a condition without any evidence of an alcohol problem, and where the judge himself says that his reason for doing it is essentially a bureaucratic tiff between the probation office and the public defender's office. It's true that Judge Carter made reference to his belief that the public defender's policy of not having clients answer those questions was a bad policy. But he also said, my problem here is, you know, you've left me, in a sense, defenseless. Do you have some case law that says it's the defendant's burden to show that he doesn't have an alcohol problem? No. In fact, as Counsel pointed out, the Weber case, which was decided three months after this sentencing hearing, made it clear that it's the government's burden. But I think we can meet that burden here, Your Honor, because by not answering the probation officer's questions, the defendant left Judge Carter in the position of saying, look, by your refusal to answer these questions, that troubles me. I don't know whether you have a problem or not, but by your refusal to answer the probation officer's questions, you don't leave me with any other choice but to conclude that there's something there. Why else wouldn't you? Why? Why else wouldn't you answer the question? That's essentially what Judge Carter said. Why else wouldn't you answer the probation officer's question about drug abuse, substance abuse, or alcohol abuse, other than that would provide me some information upon which to? See, I can think of all kinds of reasons. One is it's a combined question, and it includes things that would be a crime, like using illegal drugs. Another is you don't know what this other person's attitude is about alcohol. Some are teetotalers, and they think any use of alcohol is sinful. Another is you just don't feel like it. You feel like it's an invasion of your privacy, and your privacy's been invaded enough. And another is your lawyer told you not to, and you don't know why, but that's what your lawyer said. All kinds of reasons besides being a lush. Well, that may be, Your Honor, but I think what Judge Carter looked at when he had this defendant before him is, I have to decide whether to impose this alcohol condition. But you still have the requirement that's in Weber that the government has the burden to show the reason a particular limitation is imposed, and it's supposed to have the minimum possible impact on the person's liberty. You're talking about what Judge Carter is considering, but what did the government do to meet its burden in this case? Well, Your Honor, the government's in a difficult position here. We don't have the ability to talk to the defendant. We don't have the ability to collect information from the defendant. I mean, essentially, the avenue for getting information about this kind of problem is the defendant's interview with the court's agency, the probation office, where he goes in and provides information to the probation office about who he is, what he does, what his history is. But you have that same kind of a thing in almost any criminal case where you're not going to be able to talk with a defendant. He's going to be dealing with his or her attorney. They're going to invoke the attorney-client privilege. You still have the burden to show beyond a reasonable doubt that someone's guilty of a crime. I guess what I'm seeing here is that I appreciate your difficulty, but the fact is the government hasn't really come forward with anything, as far as I can see, to show that this defendant used alcohol. I would also ask, if you're familiar with these, even though we don't cite these as precedent because they're prior to the recent change in the rule, but Armstrong, Ramirez, Franco, and Yovanovitch, all of which were decided in 2005 except for the last one, 2003, these were mem dispos where our court did find that it was an abuse of discretion or plain error where there was no evidence to suggest that if a person had not used alcohol that such a condition be imposed. Do you have any comment on that? I'm not familiar with those as they are, as you pointed out, unpublished opinions. Right. I understand legally they're not there, but I'm simply giving you a sense as to what our court has felt about these things. We need some – I, for one, would appreciate any suggestion you can give us as to why there is any reason that we ought to uphold the alcohol requirement in this particular case. It doesn't seem like the government has made any successful effort to meet its burden here. Well, Your Honor, go back to how this all came out. The court – the probation office suggests a condition, no alcohol. Right. The defendant objects, says, you know, the provision, I don't want that provision, I object to that provision. And at the sentencing hearing, Judge Carter explains at great length why he imposed it. He didn't provide me any information about possible alcohol use. Doesn't Judge Carter do this with all defendants? No, he doesn't. He doesn't. No. That's what the record says. I think there's an allegation of that with respect to a different condition, and we can turn to that one if you'd like. But he doesn't do that with all defendants. I think the probation officer put that in. Counsel. Yes, Your Honor. Counsel, before you look at this provision, I have sort of a theory question. Does the constitutional privilege against self-incrimination apply to probation office interviews? And assuming that it does, wouldn't it be improper to draw an adverse inference from silence in response to a question, do you drink or what's your history? That's an interesting question, Your Honor, and I couldn't find an answer to that. The case law, I mean, the statute, though, imposes upon the district judge the obligation to impose terms and conditions of supervised release that will do various, serve various interests that are set forth in the statute, protect the public, deter both this defendant and other defendants, and to assist in defendant's rehabilitation. And the really, and I think this is, you can read from the transcript of the sentencing proceeding, this is at the root of what Judge Carter's problem was. Yes, Your Honor. Counsel, do you have any citations that will help us? To what? I mean, I understand the general philosophical point that you're getting at, but, well, your adversary said that the Sixth and Eighth Circuit have cases right on point on the alcohol condition, and they say no dice. Our court has already held that the burden of proof is on the government. It's not on the defendant to show that he doesn't need the condition. And our court has already prohibited a similar delegation to the probation office with regard to conditions of restitution payment. Frankly, that looked right to me. I had noted the Eighth Circuit, though not the Sixth Circuit case and Weber and Gunning myself. Is there anything on the other side? Let me address those. I think you're now making two points, one about the no alcohol condition. Remember, you're running out of time, so you want to get to the point rather than talking more generally. I appreciate that. The Modena case, which is a Sixth Circuit case, you referenced Judge Kleinfeld. In that case, as I read it, the district judge in that case simply made no finding to articulate his reason for imposing the no alcohol provision. Here we did have the district judge articulate his reason why. Turning to the restitution condition. Well, back on that, he articulated a reason. But if there is a constitutional restraint against self-incrimination, his reason wouldn't seem cognizant. I appreciate that, Your Honor. And as I said, I looked into that question. I couldn't find anything that addressed the attachment of that right against self-incrimination in the context of a probation officer's duty as a defendant to prepare a pre-sentence report. Turning to the restitution condition, the government understands that pursuant to Gunning and the Gunning series of cases, the district court could not delegate to the probation office the power to set payment schedules for restitution. And that makes sense. What the district court is doing in that context is looking at the defendant's income, looking at his expenditures, and determining what he can pay, what he can afford. That's a discretionary function. That's not what's going on here. What's going on here is the district court saying, I've done that. I've looked at what this guy makes. I've looked at what he spends. He can pay $50 a month. But if he comes across another pot of money, I want that going to the victims. That's the effect of this order. I think that's a little bit what Judge, Your Honor, Judge Kleinfeld and Judge Gould were getting at earlier. That's the effect of the order here. It says if this guy stumbles across an income tax refund or an inheritance or collects on some sort of judgment, some sort of windfall, that needs to go to the victims of this offense. And there's nothing contradictory in that language of that order with 3664K. There's nothing about that language that is contradictory. And I think what Judge Carter identified at the sentencing hearing is some of the concerns that you identified, Judge Kleinfeld. What's going to happen? I don't want this guy holding on to this money, if it's $50,000 or $5,000, while these victims aren't getting repaid. And that is going through the process of getting to me and we have to look at it, et cetera, et cetera, et cetera. On the alcohol, I don't actually see what the government's problem or the court's problem is in figuring out whether a defendant has an alcohol problem if he doesn't tell them. Usually you can see it in their rap sheet. They've got some drunk driving convictions, some domestic violence where they were drunk. Sometimes they urinated in public and got a public indecency conviction. The alcoholics' rap sheets are usually like flashing red lights. I think that's correct in many cases, Your Honor, but it may not be the case in all the cases. And this is an area, as the court knows, in which the district judges have wide discretion. The district judge had this defendant in front of him. He has wide discretion to set terms of supervised release. And, you know, there's nothing else I can say other than you can look at the record of the transcript and the judge was very troubled by this defendant's refusal to answer that question. Thank you, Counsel. And, Your Honor, thank you very much. I submit. Counsel, I think we, if I remember right, went over your time, but take 30 seconds anyway if you need it. Thank you, Your Honor. I actually have nothing further, but if the court has any other questions, I'd be happy to answer questions. Thank you, Counsel. Thank you. United States v. Betz is submitted. United States v. Smith is submitted.
judges: Kleinfeld, Gould, Smtih